# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| LORRIE PILLER, Petitioner, | * | No. 18-1314V |
| | * | Special Master Christian J. Moran |
| v. | * | Filed: January 31, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner;
Zoe Wade, United States Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Lorrie Piller's motion for final attorneys' fees and costs. She is awarded $56,349.46.

* * *

On August 28, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine she received on July 23, 2015, which is contained in the Vaccine Injury Table, 42

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

C.F.R. §100.3(a), caused her to suffer from brachial neuritis. Following respondent contesting the petition in his report, petitioner retained a medical expert, Dr. Lawrence Steinman. On November 21, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL17876800.

On June 26, 2023, petitioner filed a motion for final attorneys' fees and costs, which petitioner then updated in a new filing on October 26, 2023 ("Fees App."). Petitioner requests a total award of $56,349.46. This amount consists of $46,806.41 ($31,540.40 in fees and $15,266.01 in costs) incurred by Turning Point Litigation and $9,543.05 ($8,871.50 in fees and $671.55 in costs) incurred by counsel's prior firm, Ward Black Law. Id. at 1.[2] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. Fees App. Ex. 4.

On June 27, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed her reply that same day requesting that "Special Master Moran exercise discretion and determine a reasonable award for attorney's fees and costs in this case."

* * *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

[2] Petitioner requests the total amount awarded be made payable to Turning Point Litigation who will make payment to Ward Black Law and petitioner. Fees App. at 2.

rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel, Ms. Nancy Meyers: $375.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, and $490.00 per hour for work performed in 2023. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Benvenuti v. Sec'y of Health & Human Servs., 19-1249V, 2023 WL 4105407 (Fed. Cl. Spec. Mstr. May 19, 2023).

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the

undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $40,411.90.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $15,937.56 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage costs, and work performed by petitioner's medical expert, Dr. Lawrence Steinman. Dr. Steinman's hourly rate of $550.00 has previously been approved by the undersigned and other special masters of this Court, and his hours billed (27.0) are broadly reasonable for the work performed in the instant case. The remainder of the costs are also reasonable and have been supported with the necessary documentation. Petitioner is therefore awarded the full amount of costs requested.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned awards a total of **$56,349.46** (representing $46,806.41 in fees and costs incurred by Turning Point Litigation and $9,543.05 in fees and costs incurred by Ward Black Law) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review, the Clerk shall enter judgment in accordance with this decision. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.